**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

R&A INSURANCE SERVICES, INC.,

        Plaintiff,

CIVIL ACTION  NO. 06-14922

v.

HONORABLE ARTHUR J. TARNOW
COMMISSIONER OF INTERNAL REVENUE,    UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [D/E # 10], DENYING PLAINTIFF'S MOTION TO ABATE TAX LIABILITY AND REMAND [D/E # 2], DENYING PLAINTIFF'S MOTION TO DISMISS
[D/E # 3], DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [D/E # 6] AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT THROUGH A LICENSED ATTORNEY**

On January 26, 2007, Defendant United States filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) based on two separate theories. Defendant first requests dismissal of Plaintiff's complaint for lack of subject matter jurisdiction based on an allegedly untimely complaint.  However, questions of fact remain concerning the timeliness of Plaintiff's complaint.  Thus, Defendant's Motion is **DENIED** in relation to that argument.

Secondly, Defendant contends that the Plaintiff corporation may not appear in this court through its non-attorney treasurer.  This court agrees.  Rather than dismiss the case as suggested by Defendant, this court instead orders Plaintiff corporation to have a licensed attorney make an appearance in this case and file an amended complaint within 30 days of entry of this order and properly serve defendant.  If Plaintiff corporation fails to do so, then this court will dismiss the case with prejudice.

Because Plaintiff's motions were filed by an person unable to represent the corporation in this court, Plaintiff's numerous motions are **DENIED**.

**TIMELINESS**

On December 6, 2005, the Internal Revenue Services ("IRS") issued Plaintiff a Notice of Federal Tax Lien and Your Right to Hearing with respect to certain employment tax liabilities. On January 5, 2006, Plaintiff requested a collection due process hearing before the IRS Office of Appeals pursuant to 26 U.S.C. § 6320 ("I.R.C. § 6320"). A telephonic hearing was later held. On May 25, 2006, the Office of Appeals issued a Notice of Determination sustaining the Notice of Federal Tax lien. The Notice further provided that:

> If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination. The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

On June 23, 2006, Plaintiff filed an appeal of the determination in the United States Tax Court. On September 20, 2006 the Tax Court entered an order of dismissal after it found that it did not have jurisdiction over Plaintiff's appeal. The order "reminded [Plaintiff] of the applicability of I.R.C. sections 6320(c) and 6330(d)(1), which provide a 30-day period for filing an appeal an appeal with the correct Federal District Court."

According to the docket, Plaintiff's complaint was entered on November 1, 2006, numerous days past the 30 day deadline of October 20, 2006. However, in its Motion for Default Judgment, Plaintiff contends that it timely filed the complaint but that the Clerk of Court erred in entering it. According to Plaintiff, at the time of filing the Clerk of Court requested different forms for filing summons but assured Plaintiff that the case would still be considered filed as timely. However, the Clerk of Court did not enter the filing until November 1, 2006 making the complaint appear untimely.

On March 8, 2007, this court received notice from the Clerk of Court that the government's attorney contacted the Clerk asking about the situation. In response, this court contacted the government's attorney to determine if he were stipulating to a withdrawal of his

timeliness argument.  The attorney clarified that he was not stipulating to a withdrawal of the argument because he was unsure if Plaintiff's allegations were true.

Defendant has since filed a response arguing that Plaintiff's allegation that his complaint was timely filed is not credible.

Although there may be questions surrounding the timeliness of the complaint, this court will not decide these issues of fact at this early stage.  Moreover, these questions shall only be answered after an amended complaint, which shall include specific allegations as to how and when the original complaint was filed, is filed by a licensed attorney as directed below.  Thus, this court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss based on timeliness because there are questions of fact that remain.

### REPRESENTATION

Defendant also argues that the case should be dismissed because a corporation may appear in this court only by counsel, and cannot appear through an unlicensed officer.  *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).  "An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."  *Id*.  As the Supreme Court said in *Rowland v. California Men's Colony*, "[i]t has been the law for the better part of two centuries... that a corporation may appear in the federal courts only through licensed counsel. 506 U.S. 194, 201-202 (U.S. 1993)

Plaintiff runs afoul of this law since Plaintiff is a corporation and is attempting to appear in this  court through its non-attorney treasurer.

Rather than dismiss the case as suggested by Defendant, this court will proceed in a fashion employed by Judge Cleland of this district court when a similar situation arose.  See *MDS America, Inc. v. MDS Int.*, 2006 U.S. Dist. LEXIS 71790, *1-2 (E.D. Mich. 2006) (allowed Plaintiff to file an amended complaint through a licensed attorney within a specific period of time).

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days to have a licensed attorney admitted to practice law before the Eastern District of Michigan file an appearance, file an amended complaint that includes specifics as to timeliness of the original complaint, and properly serve Defendant. If a licensed attorney does not file an appearance and an amended complaint for Plaintiff Corporation, the case will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that because Plaintiff's Motions were not filed by a licensed attorney, they are **DENIED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 15, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2007, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

: